### JACOBSEN v. LEVINE et al.

(Supreme Court, Appellate Term.    June 3, 1908.)

EXECUTORS AND ADMINISTRATORS—EXECUTOR AS ATTORNEY—ACTIONS ON CLAIM
—PRACTICE.

A will directed that testator's executor might act as attorney for the
estate and make charge therefor.    The executor furnished services,
assigned his claim, and the assignor brought suit against the executor
and his coexecutor on the claim.    *Held* that, the action not being a case
where action must first be brought against the executors and they in turn
reimburse themselves out of the estate, and not imposing a personal li-
ability on the coexecutor, the action would not lie, but the proper
practice would be to present the claim for allowance against the estate.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Joseph Jacobsen against Samuel W. Levine and another
to recover for attorney's services.    From an order granting a new trial,
plaintiff appeals.    Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
GREENBAUM, JJ.

Samson Friedlander, for appellant.
Eldred E. Jacobsen, for respondents.

GIEGERICH, J.    The action was brought by the assignee of the de-
fendant Levine to recover the value of legal services rendered by Le-
vine to himself and his codefendant, Van Schoonhoven, in their capaci-
ty as executors of the last will and testament of Ellen Christiansen.
The will contained the following clause:

"I direct my said executor Samuel W. Levine to act as attorney for my
estate and to make his charges therefor."

After the case was tried, the judge allowed it to go to the jury for
the purpose of having the value of the services determined, and the
jury brought in a verdict for $114.20.    Subsequently the motion made
on behalf of the defendant Van Schoonhoven for a new trial and for
the dismissal of the complaint was granted, and from that order this
appeal is taken.

On behalf of the plaintiff it is argued that the executor Van Schoon-
hoven, by accepting the benefit of the services of the defendant Le-

vine, made himself personally liable; but in view of the express direction of the testator on the point it is difficult to see how any choice was left to the respondent, and if he had no choice, and the employment of his coexecutor as attorney was prescribed by the will, it cannot be said with any show of reason that he accepted the services or did any other act to make himself personally liable. Instead of this being the usual case where action must first be brought against the executors and they in turn reimburse themselves upon their accounting, it is a case where there is a direct relation between the claimant and the estate, a relation created by the will itself, and, consequently, I think the correct practice will be for the plaintiff, or the defendant Levine, if he takes back a reassignment of the claim, to have the same adjudicated in the accounting before the surrogate. The claim is not that of a stranger against the executors, but that of one of the executors against the estate, and by having it disposed of as such upon the accounting the anomalous situation here presented of a person suing himself (for that is what the present action really amounts to, notwithstanding the purported assignment) will be obviated, and the claim will be presented at a time and under circumstances when the persons beneficially interested in the estate can have a hearing.

The order should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.    GREENBAUM, J., concurs in result.